IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TODD V. HADLOCK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON ARMS COMPANY, LLC, a Delaware limited liability company; REMARMS, LLC, a Delaware limited liability company, dba REMINGTON FIREARMS and REMINGTON; JOHN DOES 1–5,<br><br>Defendants. | **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:25-cv-582<br><br>Judge Tena Campbell |

Before the court is a motion to dismiss filed by Defendant RemArms, LLC (RemArms), a company which Plaintiff Todd V. Hadlock alleges also does business as Remington Firearms and Remington. (Mot. Dismiss, ECF No. 12; Compl., ECF No. 2-1 at ¶¶ 10–11.) RemArms argues that the court lacks personal jurisdiction over it; additionally, RemArms maintains that Mr. Hadlock has failed to state a claim upon which relief can be granted.

RemArms filed its motion on August 14, 2025. (See ECF No. 12.) Mr. Hadlock did not file a timely opposition, and the motion is therefore unopposed. (See DUCivR 7-1(a)(4)(A)(iii) (requiring that a response to a motion to dismiss be filed within 28 days).)

Given the Notice of Bankruptcy filed by Defendant Remington Arms Company, LLC (Remington Arms[1], see ECF No. 7), this matter is automatically stayed under 11 U.S.C. § 362.

---

[1] There is some confusion in the filings about whether Remington Arms is a limited liability company or a corporation, as the Complaint refers to both. (See ECF No. 2-1 at ¶¶ 2, 25.) The

1

But in general, the automatic bankruptcy stay only operates against the debtor. See Okla. Federated Gold & Numismatics, Inc. v. Blodgett, 24 F.3d 136, 141 (10th Cir. 1994). And based on the uncontested Declaration submitted by Hunter Cummings, a Vice-President at RemArms, it appears that RemArms and Remington Arms are separate entities. (See Decl. Hunter Cummings, ECF No. 12-1 at ¶¶ 1–8.)

Specifically, Mr. Cummings asserts that RemArms acquired certain assets from an entity named Roundhill Group, LLC (Roundhill), and that Roundhill previously purchased those assets from an auction of Remington Arms's assets after Remington Arms filed for bankruptcy. (Id. ¶¶ 8–15.) But Roundhill did not assume any liabilities related to the firearms previously produced by Remington Arms under the relevant asset purchase agreement. (Id. ¶ 12.) And although RemArms has been manufacturing and selling certain Remington brand firearms since 2021, the firearm involved in the September 2022 incident that forms the basis of this lawsuit has a serial number demonstrating that it was not a firearm that RemArms manufactured or sold. (Id. ¶¶ 16–24.) Finally, Mr. Cummings maintains that RemArms does not have a place of business in Utah, has never operated a business in Utah, and only sells firearms to federal licensed dealers. (Id. ¶¶ 6–7, 17.)

Arguing that RemArms has no contact with Utah, the company moves to dismiss the lawsuit against it on the ground that the court lacks personal jurisdiction over the entity. The court agrees. Although "[p]ersonal jurisdiction can be acquired through either general jurisdiction or specific jurisdiction[,]" Xmission, L.C. v. Fluent LLC, 955 F.3d 833, 840 (10th

---

Defendants have not clarified whether Remington Arms, LLC, and Remington Arms, Inc., are separate entities, but the Bankruptcy Petition for Remington Arms Company, LLC, lists Remington Arms Company, Inc. as a previous name used by the debtor. (See Bankr. Pet., ECF No. 7-1 at 2.) For purposes of this order, the court treats both entities as one defendant, "Remington Arms," and assumes that the automatic stay applies to both.

Cir. 2020), there is no evidence that the court may exercise general jurisdiction over RemArms, an organization based in Georgia. (See Cummings Decl. ¶ 5.) And "[s]pecific jurisdiction … allows a court to exercise jurisdiction over an out-of-state defendant only for claims related to the defendant's contacts with the forum State." Xmission, 955 F.3d at 840. Here, RemArms asserts that it has no contacts with Utah "such that the defendant should reasonably anticipate being haled into court there.'" Id. at 839–40 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

A plaintiff has the burden to establish jurisdiction. See id. at 839. While the court must take uncontroverted well-pled allegations in the complaint as true, see Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995), the court finds no allegations in the complaint establishing that RemArms—rather than Remington Arms—has manufactured or sold firearms in Utah. Given RemArms's uncontested assertions to the contrary, the court finds that it cannot exercise personal jurisdiction over that entity.

RemArms asks the court to dismiss the claims against it with prejudice, asserting not only that the court lacks personal jurisdiction over RemArms but also that Mr. Hadlock fails to state a claim against RemArms upon which relief can be granted. (See ECF No. 12 at 12.) But when a defendant couples a motion to dismiss for lack of personal jurisdiction with other issues, the court must first determine the jurisdictional issue. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998). Because the court finds that it cannot exercise personal jurisdiction over RemArms, all other issues related to the claims brought against RemArms are rendered moot. See Daugherty v. United States, 73 F. App'x 326, 329–30 (10th Cir. 2003). The court therefore dismisses the claims against RemArms without prejudice on jurisdictional grounds. See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1221 (11th Cir.1999).

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS RemArms's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 12.) The court dismisses the claims against RemArms without prejudice.

2. The court TERMINATES AS MOOT RemArms's Motion to Dismiss for Failure to State a Claim. (ECF No. 12.)

3. The claims against Remington Arms remain stayed under the automatic bankruptcy stay.

4. The parties must file a status report within 30 days after the conclusion of the Remington Arms bankruptcy proceedings; or, if those proceedings are ongoing, within one year from the date of the order.

DATED this 16th day of September, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge